955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Wayne HALE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6122.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1992.
 
 1
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI, District Judge.*
 
 ORDER
 
 2
 Jerry Wayne Hale, a pro se federal prisoner, appeals the district court's order dismissing his third motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a plea agreement, Hale pled guilty to two counts of possession of a firearm by a felon. He was sentenced to serve three years imprisonment and three years probation. He filed his first § 2255 motion raising an ineffective assistance of counsel claim, which was dismissed by the district court.
 
 
 4
 He subsequently filed a letter in the district court which was construed by the court as a second § 2255 motion to vacate, which again raised an ineffective assistance of counsel claim. He also argued that his guilty plea was not voluntarily made. The district court refused to consider his ineffective assistance of counsel claim presented in his "successive petition" and concluded that his involuntary guilty plea argument was frivolous.
 
 
 5
 Hale filed his third and current § 2255 motion raising a double jeopardy claim. The district court denied his motion to vacate because of Hale's failure to include the double jeopardy claim in his prior § 2255 motions, which the court found constituted an abuse of procedure under Rule 9(b) of the Rules Governing § 2255 Proceedings. The district court also considered the merits of his double jeopardy claim and found the claim was frivolous.
 
 
 6
 Hale has filed a timely notice of appeal. In his brief, he has essentially abandoned his double jeopardy claim and raised an ineffective assistance of counsel and an involuntary guilty plea claim. Both parties have filed briefs. He has also filed a motion for the appointment of counsel.
 
 
 7
 Rule 9(b) of the Rules Governing § 2255 Proceedings provides:
 
 
 8
 A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 9
 In his current § 2255 motion, Hale provides no reason for his failure to raise his double jeopardy issue in his two previous § 2255 motions. Hale's failure to include his double jeopardy claim in his prior § 2255 motions constitutes an abuse of the writ under Rule 9(b) of the Rules Governing § 2255 Proceedings. Cf. McCleskey v. Zant, 111 S.Ct. 1454, 1466-67 (1991).
 
 
 10
 Hale has nonetheless abandoned his double jeopardy claim on appeal, and it is therefore not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 11
 Hale also attempts to raise an ineffective assistance of counsel and involuntary guilty plea claim on appeal which he did not present to the district court in his current § 2255 motion. Because he did not properly present these two claims in his current § 2255 motion to the district court, this court will not address these claims on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 12
 Accordingly, Hale's request for the appointment of counsel is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation